UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ABBAS ELCHEIKHALI, | ) | CASE NO. 4:09 CV 771 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CCA., et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

Pro se plaintiff Abbas Elcheikhali filed this civil rights action against Corrections Corporation of America ("CCA"), Northeast Ohio Correctional Center ("NEOCC"), the Bureau of Prisons ("BOP"), the United States of America, the Hudson County Correctional Center, the Passaic County Jail, the United States Marshal Service, and the Cornell County Moshannon Valley Correctional Center. In the complaint, plaintiff asserts that the defendants were deliberately indifferent to his serious psychiatric needs. He seeks monetary damages.

**Background**

Mr. Elcheikhali was arrested in New Jersey on June 1, 2007. He contends he suffers from acid reflux, high cholesterol, and a panic disorder, and was on a number of medications for these conditions. After his arraignment he was held in the Passaic County Jail awaiting trial. After the booking process, he sent to a general population cell without his medications. He contends he

was unable to eat or feel his body. He states he also experienced ringing in his ears. A corrections officer refused to help. He was seen by a psychiatrist some time thereafter. He informed the doctor that he was taking Xanax for his anxiety, but was told that medication could not be prescribed. Another medication was given to him which made him feel disoriented. He indicates he fell out of bed and injured his ankle. After his trial judge intervened, Mr. Elcheikhali was given the medication prescribed for him prior to his arrest.

Mr. Elcheikhali was then transferred to the Hudson County Correctional Center on January 8, 2008. At that facility the physician changed his medication and kept him in a medical cell for a few days. He was placed in the general population on January 11, 2008. Later that day, Mr. Elcheikhail began to experience shortness of breath, and chest pains. He was transported by ambulance to Barnet Hospital where he remained for a week. When he returned to the jail, he was placed in a different cell and was denied medication. Mr. Elcheikhail indicates his panic attacks worsened. He telephoned his attorney and some time thereafter, he was given a different medication. This medication made him disoriented and suicidal.

After his sentencing, Mr. Elcheikhali was sent to the Moshonnon Valley Correctional Center on August 29, 2008. He contends that shortly after his arrival, he was informed by the warden that he had received a death threat from another inmate. The threat was deemed to be credible, and Mr. Elcheikhali was taken to the segregation unit for his protection. He claims his mental health deteriorated in that unit. He asked the psychiatrist to prescribe Paxil for him, but was told Paxil was not covered by the facility's insurance. He was prescribed another medication which Mr. Elcheikhali claims was not effective. Once again, he became suicidal.

Mr. Elcheikhali was transferred to NEOCC on October 28, 2008. He was screened

by a nurse and sent to a general population cell. He indicates the psychiatrist at this facility prescribed Paxil for him and he experienced terrible side effects. He described these effects to his psychiatrist, and the dosage was increased. He claims he is unable to be near crowds of people and feels pressure on his head and ears. His psychiatrist prescribed the "same medication which ease my pain and I am still suffering." (Compl. at 3.) He claims the defendants were deliberately indifferent to his serious medical needs. He seeks $ 15,000,000.00.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, Mr. Elcheikhali named the United States, the Bureau of Prisons, and the United States Marshal Service as defendants. The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the court's subject matter

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

jurisdiction.  McGinness v. U.S., 90 F.3d 143, 145 (6th Cir. 1996).  A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied.  U.S. v. King, 395 U.S. 1, 4 (1969); Soriano v. U.S., 352 U.S. 270, 276 (1957).  Agencies, instrumentalities, and officers of the federal government sued in their official capacities are also entitled to sovereign immunity.  See Name.Space, Inc. v. Network Solutions, Inc., 202 F.3d 573, 581 (2d Cir. 2000). Even liberally construing the pleading, there is not a sufficient indication that the United States waived its sovereign immunity with respect to the claims asserted against the nation, the Bureau of Prisons, or the Marshal Service.  Berger v. Pierce, 933 F.2d 393, 397 (6th Cir.1991)(stating that a Bivens claim cannot be asserted against the United States government or its employees in their official capacities).

       The plaintiff claims that the remaining defendants subjected him to cruel and unusual punishment.  To establish a violation of the Eighth Amendment, the offending conduct must reflect an unnecessary and wanton infliction of pain.  Ingraham v. Wright, 430 U.S. 651, 670 (1977). A viable Eighth Amendment claim has objective and subjective components.  Farmer v. Brennan, 511 U.S. 825, 834 (1994). The objective component requires that the pain be serious, Hudson v. McMillian, 503 U.S. 1, 8-9 (1992), and the subjective component requires that the defendant act with deliberate indifference to an inmate's health or safety. Wilson v. Seiter, 501 U.S. 294, 302-03 (1991).  An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm.  Id. at 837.  Mere negligence will not suffice.  Id. at 835-36.

       Mr. Elcheikhali, however, does not name any individual as a defendant in this action. Instead, he brings his claims against the county jails and correctional institutions which employ the

4

individuals he claims violated his constitutional rights.  Supervisory liability in a civil rights action cannot attach where the allegation of liability is based upon a mere failure to act.  <u>Bass v. Robinson</u>, 167 F.3d 1041, 1048 (6th Cir.1999)(citing <u>Leach v. Shelby County Sheriff</u>, 891 F.2d 1241, 1246 (1989)). Rather, the supervisors and employers must have actively engaged in unconstitutional behavior.  <u>Id.</u>  Liability, therefore, must lie upon more than a mere right to control employees and cannot rely on simple negligence.  <u>Id.</u>  In order for liability to attach to any of the entities listed as defendants, Mr. Elcheikhali must prove that they did more than play a passive role in the alleged violations or show mere tacit approval of his medical treatment.  <u>Id</u>. He must show that the supervisors somehow encouraged or condoned the actions of their subordinates.  <u>Id.</u>; <u>see also</u> <u>Copeland v. Machulis</u>, 57 F.3d 476, 481 (6th Cir.1995).  There is no suggestion in the complaint that the NEOCC, the Hudson County Jail, the Passaic County Jail or the Moshannon Valley Correctional Center as entities were deliberately indifferent to his serious medical needs.

## Conclusion

Accordingly, dismissed pursuant to 28 U.S.C. §1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith**.**

IT IS SO ORDERED.

S/Peter C. Economus - 7/30/09
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE

5